IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| SEAN GALLMAN, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-11-2750 |
| | * | |
| SOVEREIGN EQUITY GROUP, INC., | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum Opinion**

The matter before the Court is Defendant Nicole Stallworth ("Stallworth") and the Stallworth Firm LLC (the "Stallworth Firm")'s Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Doc. No. 16. The Court has reviewed the motion papers and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2010). Defendants' Motion to Dismiss will be granted for the reasons articulated below.

## I.   FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint and its attached documents except where otherwise noted. This action arises out of an investment relationship between Plaintiffs Ventura Investments, Inc. ("Ventura"), Sean Gallman ("Gallman"), Ventura as assignee of Carolyn Tate ("Tate"), Iris Alsop ("I. Alsop"), Adrienne Alsop ("A. Alsop"), Serena Parrish ("Parrish"), and Sidney Jennings ("Jennings"), and Defendants Sovereign Equity Group, Inc. ("Sovereign"), Prestige Capital Advisors, LLC as successor of Sovereign ("Prestige"), Stallworth, the Stallworth Firm, James E. Tyson, Jr. ("Tyson"), Victoria Hunt ("Hunt"), and

Vonetta Barnes ("Barnes"). The Stallworth Firm is a New York law firm with a principal place of business in New York. Defendant Stallworth is a principal of the Stallworth Firm and resides in New Jersey. Stallworth served as attorney for Defendants Tyson, Hunt, and Barnes, who were in the business of soliciting funds from individuals and entities and investing those funds with their corporation, Sovereign. Sovereign is a Delaware corporation, and Tyson, Hunt, and Barnes are North Carolina residents.

The Plaintiffs in this action are individuals and an entity who invested in Sovereign. Plaintiff Ventura is a Maryland corporation that maintains an office in Maryland. Plaintiffs Gallman, Parrish, and Jennings are also Maryland residents. Plaintiffs I. Alsop and A. Alsop are residents of the District of Columbia. The Court understands that Plaintiff Gallman is the President of Ventura and was promised a consulting fee by Hunt for helping to procure individuals or entities to invest with Sovereign.

In August 2008, Plaintiff Gallman engaged in discussions with Defendants Tyson and Hunt about providing Sovereign with investment funds to manage. Tyson and Hunt told Gallman that if he provided Sovereign with funds to invest, Gallman would be guaranteed to receive his initial investment back in addition to investment proceeds ranging from twenty-to-thirty percent yearly, with payouts every thirty days.

A few weeks later, Gallman arranged to meet with Stallworth in New York City. During the meeting, Stallworth told Gallman that Sovereign was "doing good things" and explained that Gallman would transfer his investment funds to her directly and that the funds would be held in the Stallworth Firm's escrow account. Accordingly, Stallworth created the Stallworth Firm in order to set up the transactions for her clients Tyson, Hunt, and Barnes.

Subsequently, the Court understands that Gallman relayed the investment opportunity to the other Plaintiffs, who then entered into investment contracts with Sovereign. Defendant Hunt confirmed with Gallman that Sovereign would return each investor's principal amount with interest at 15% and that Gallman would receive a $125,000 consulting fee. As part of the investment contract, Plaintiffs, including those who were Maryland residents, signed escrow agreements with Stallworth. Stallworth also made around 15 phone calls to Gallman while Gallman was in Maryland, according to an affidavit by Gallman. *See* Doc. No. 21 Ex. 1 at 5. Additionally, Stallworth sent at least 20 e-mails to Gallman while Gallman was in Maryland. *Id.* Finally, The Stallworth Firm wired Ventura, a Maryland corporation, $45,121 on November 4, 2008 and $16,360 on December 31, 2008, in connection with the parties' investment agreement. *See id.* Ex. 2.

By February 23, 2009, it became clear that Defendants Barnes, Tyson, Hunt, Sovereign, and its successor Prestige would not remit any of Plaintiffs' investment money per the parties' contract. Plaintiffs demanded payment first from Barnes, Tyson, Hunt, and Sovereign, and then from Stallworth, but none of Defendants responded.

Plaintiffs brought this action on September 24, 2011 for breach of contract against Sovereign and Prestige (Counts I and II) and for violation of 15 U.S.C. § 77l(a)(2) for misleading communications against Sovereign, Prestige, Tyson, Hunt, and Barnes (Count III). Additionally, Plaintiffs stated claims against all Defendants, including Stallworth and the Stallworth Firm, for fraud and civil conspiracy (Counts IV and V). Plaintiffs' claims against Stallworth and the Stallworth Firm are based on the following actions: (1) Stallworth's alleged representation to Gallman during their August 2008 meeting that Sovereign was doing "good" business and that everything that Sovereign was doing was legal; and (2) Stallworth's representations, made in the

escrow agreements signed by Plaintiffs, that the money wired to Stallworth's account would be released to Sovereign for investment opportunities. On January 11, 2012, Defendants Stallworth and the Stallworth Firm moved to dismiss Plaintiffs' Complaint against them for lack of personal jurisdiction.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(2), the party asserting personal jurisdiction has the burden to prove the existence of a ground for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). When a court addresses the question of jurisdiction based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing of a sufficient basis for jurisdiction. *Id.*; *see also New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan*, 2 F.3d at 60; *see also Dring v. Sullivan*, 423 F. Supp. 2d 540, 543 (D. Md. 2006). Since this Court has not conducted any evidentiary hearing, Plaintiff has the burden only to establish a *prima facie* case for jurisdiction.

## III.   ANALYSIS

This Court may exercise personal jurisdiction over Stallworth and the Stallworth Firm (collectively, "Defendants"), if doing so complies with the law of the forum state and the Fourteenth Amendment. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Thus, Plaintiffs must show that two conditions are satisfied: (1)

jurisdiction must be authorized under Maryland's long-arm statute, MD. CODE ANN., CTS & JUD. PROC., § 6-103, and (2) jurisdiction must be consistent with constitutional due process requirements. The Court will proceed to consider whether, pursuant to Maryland's long-arm statute and constitutional due process requirements, it has personal jurisdiction over Defendants.

Plaintiffs assert that personal jurisdiction is proper under two sub-sections of the Maryland long-arm statute. *See* Md. Code Ann., Cts & Jud. Proc., § 6-103(b)(1), 6-103(b)(4). These sub-sections only permit jurisdiction over causes of action "arising from" the enumerated acts. § 6-103(a). Maryland courts, as well as federal courts applying Maryland's law of personal jurisdiction, often assert that the long-arm statute "is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution," and therefore that the "statutory inquiry merges with [the] constitutional inquiry." *Carefirst*, 334 F.3d at 396-97.

Under a due process analysis, a court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation omitted). Courts have recognized two types of personal jurisdiction: general and specific jurisdiction. *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction is proper where a defendant's contacts with the forum are "continuous and systematic." *Id.* at 416. In the instant action, Plaintiffs have not specified whether the Court has general or specific jurisdiction over Defendants. Because the level of contacts required for the exercise of general jurisdiction is "significantly higher" than that required for the exercise of specific jurisdiction, the Court will engage in a specific

jurisdiction inquiry before reaching the issue of general jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

      A.    <u>Whether Specific Personal Jurisdiction over Defendants is Proper Pursuant to Maryland's Long-Arm Statute</u>

Specific jurisdiction is appropriate when: "(1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with traditional notions of fair play and substantial justice." *Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004) (internal quotation omitted).

Accordingly, Defendants can be held subject to specific jurisdiction in Maryland only if (1) Defendants purposefully availed themselves of the privilege of conducting activities in Maryland, (2) Plaintiffs' claims arise out of those activities, and (3) the exercise of personal jurisdiction would be constitutionally "reasonable." *See Carefirst*, 334 F.3d at 397. In conducting this inquiry, we direct our focus to "the quality and nature of [Defendants' Maryland] contacts." *Nichols v. G.D. Searle & Co.*, 783 F. Supp. 233, 238 (D. Md. 1992), *aff'd*, 991 F.2d 1195 (4th Cir. 1993).

In the case at bar, the Court must consider how specific jurisdiction applies where out-of-state defendants have acted outside of the forum in a manner that injures someone residing in the forum. In *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), the Supreme Court held that a court may exercise specific personal jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state,

knowing that that conduct would cause harm to a forum resident. *See also ESAB Group*, 126 F.3d at 625-26 (emphasizing that the defendant must expressly direct its conduct toward the forum state and finding no specific jurisdiction where the defendant focused its activities more generally on customers located throughout the United States and Canada).

Plaintiffs argue that Defendants aimed their conduct at the forum state of Maryland in several ways. First, Plaintiffs provide an affidavit by Gallman stating that Stallworth called Gallman at least 15 times while Gallman was in Maryland, and that such calls were made prior to Gallman's meeting with Stallworth in New York, after the meeting, and after Gallman wired funds to Stallworth. Second, Gallman attests that Stallworth sent at least 20 e-mails to Gallman while Gallman was in Maryland. Third, Plaintiffs contend that Stallworth entered into at least four escrow agreements with Maryland entities (Ventura) or residents (Tate, Parrish, and Jennings). Finally, Gallman states in his affidavit that on at least two occasions, Stallworth wired money to Gallman's Ventura account while Gallman was in Maryland. Plaintiffs contend that these instances of conduct by Stallworth or the Stallworth Firm are sufficient to establish personal jurisdiction.

However, the Court finds that Plaintiffs' application of personal jurisdiction to these facts is too broad to comport with the requirements of the long-arm statute or due process. First, Plaintiffs provide no evidence or context as to the nature of any of Defendants' calls, e-mails, or money transfers and do not contend that any of these contacts form the basis of Plaintiffs' claims. Rather, Plaintiffs' claims against Stallworth and the Stallworth Firm are premised on specific representations Stallworth made to Gallman at an August 2008 meeting in New York City. Although Gallman is a Maryland resident, his contact with Stallworth in New York cannot serve as a basis for personal jurisdiction in Maryland. There is no evidence that Stallworth

sought to target Maryland-based investors as opposed to investors generally and in fact, it appears that some of the investors bringing suit in this action are District of Columbia residents.

Moreover, the Court cannot find that Stallworth purposefully conducted business activity in Maryland or availed herself of the protections of Maryland law merely because she engaged in unspecified e-mail and phone communications with an individual whom she may or may not have known was a Maryland resident. There is no contention that Stallworth was even made aware that Gallman or other investors with whom she executed escrow agreements were Maryland residents. The agreements themselves do not list the investors' addresses, and there is no contention that Stallworth mailed the escrow agreements to Plaintiffs at their Maryland addresses. Rather, it appears the escrow agreements were executed in New York, where Plaintiff's office is located. Plaintiffs have not shown that Stallworth called, e-mailed, or wired money to Gallman with an intent to transact business in Maryland or even with knowledge that the recipient of her communications was located in Maryland. In sum, none of the contacts underlying Plaintiffs' claims appear to be Maryland-related, other than the fact that some of the investors were Maryland residents.

Finally, Plaintiffs have not rebutted Stallworth's affidavit stating that she does not live in Maryland or travel to Maryland and has never done business or solicited business in Maryland, did not communicate with Plaintiffs with the intention of doing business in Maryland, and has no Maryland office, bank accounts, or real or personal property in Maryland. *See* Doc. No. 16 Ex. A. Stallworth attests that her involvement in this matter was merely to serve as the escrow agent for a transaction by her North Carolina clients for their entity, Sovereign, a Delaware corporation. Although Stallworth's involvement led her to have some contact with investors, some of whom were Maryland residents, Plaintiffs have provided no facts supporting that

Stallworth's electronic or telephonic communications constituted a directed outreach or "manifest intent" of targeting Maryland. *See Carefirst*, 334 F.3d at 400. Additionally, Plaintiffs have failed to show that the basis of this suit arises from any of Stallworth's Maryland contacts, as necessary for the Court to find specific jurisdiction.

Because the Court finds that Defendants did not purposefully avail themselves of the privilege of conducting activities in Maryland, it follows that subsection 6-103(b)(1) of the Maryland long-arm statute, when interpreted to the limits permitted by the Due Process Clause, cannot confer jurisdiction over Defendants. Section 6-103(b)(1) authorizes jurisdiction when a person "[t]ransacts any business or performs any character of work or service in the state." For the reasons stated above, the Court finds that Defendants' phone calls, e-mails, and money transfers to Gallman while he was in Maryland are insufficient to subject Defendants to personal jurisdiction in Maryland.

Plaintiffs also contend that subsection 6-103(b)(4) of the Maryland long-arm statute confers jurisdiction over Defendants. Section 6-103(b)(4) authorizes jurisdiction when a defendant "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." Plaintiffs contend that Stallworth's conduct in making false representations to Gallman about Stallworth's clients' investment opportunity caused tortious injury to Plaintiffs. Because some of the Plaintiffs are Maryland residents and the injury to these Plaintiffs presumably occurred in Maryland, Plaintiffs urge that personal jurisdiction in Maryland is proper.

However, although the place that Plaintiffs feel the alleged injury is "plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by the defendant[s'] own [sufficient minimum] contacts with the state if jurisdiction … is to be upheld." *See Carefirst*, 334 F.3d at 401 (citing *Young v. New Haven Advocate*, 315 F.3d 256, 262 (4th Cir. 2002)). Plaintiffs must show not only that the harm occurred in Maryland, but that Defendants "regularly do[] or solicit[] business, engage[] in any other persistent course of conduct" in Maryland or "derive[] substantial revenue from goods, food, services, or manufactured products used or consumed in the State." Md. Code Ann., Cts & Jud. Proc., § 6-103(b)(4).

As discussed above, Plaintiffs have failed to allege facts suggesting sufficient contacts to meet the components of 6-103(b)(4). The Court cannot find that Defendants engaged in a "persistent course of conduct" in Maryland merely because Stallworth communicated electronically and telephonically with a Maryland individual over a period of six months as part of a much larger transaction that only tangentially involved Maryland. Additionally, Stallworth resides in New Jersey and practices law in New York City and does not "derive substantial revenue from goods, services, or manufactured products used or consumed" in Maryland. Plaintiffs do not contend that Stallworth had a monetary interest in any of Plaintiff's investments greater than the $500 fee she received upon signing each escrow agreement. Rather, Stallworth derived revenue from her North Carolina clients and, if she benefitted in any other way from investments made by Maryland and DC residents, that benefit appears to be indirect and in any event, was not focused in Maryland.

Accordingly, the Court finds that it has no specific personal jurisdiction over Defendants under Maryland's long-arm statute.

B. <u>Whether General Personal Jurisdiction over Defendants is Proper Pursuant to Maryland's Long-Arm Statute</u>

In order to establish general personal jurisdiction, a defendant's activities in the State must have been "continuous and systematic." *Carefirst*, 334 F.3d at 397. The level of contacts required for the exercise of general jurisdiction is "significantly higher" than that required for the exercise of specific jurisdiction. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). The Court finds that Stallworth's 20 e-mails, 15 phone calls, and two money transfers made to Gallman while Gallman was in Maryland, in light of the fact that Stallworth never traveled to Maryland or engaged in any other business in Maryland, do not constitute "continuous and systematic" activities as required for a finding of general personal jurisdiction.

Moreover, as discussed *supra*, Plaintiffs have failed to contest the affidavit of Stallworth in which she states that she is not a resident of Maryland, transacts no business in Maryland, performs no character of work or contract to supply goods, food or services in Maryland, and has no property in Maryland. *See* Doc. No. 16 Ex. A. Even when construed liberally, Defendants' contacts with Maryland are insufficient to satisfy section 6-103(b)(1) or 6-103(b)(4) of Maryland's long-arm statute. Accordingly, Defendants' motion to dismiss must be granted as to Stallworth and the Stallworth Firm due to lack of either general or specific personal jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate

Order will follow.

| | |
|---|---|
| March 20, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |